DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of conviction and sentence entered by the Erie County Court after defendant-appellant, Dennis R. Lawrence, pled no contest to one count of driving under the influence of alcohol in violation of R.C. 4511.19(A)(1). From that judgment, appellant raises the following assignment of error:
 "THE TRIAL COURT ERRED IN OVERRULING DEFENDANT/APPELLANT'S MOTION TO SUPPRESS."
On October 24, 1999, at 1:47 a.m., Officer Michael Yovanno of the Kelleys Island Police Department was patrolling Kelleys Island when he witnessed a Ford Econoline van make a wide right hand turn from Division Street onto Chappel Street. Following the van, he then witnessed it run off of the right side of the roadway onto the berm approximately three times. He then activated his overhead lights and pulled the van over. The van was driven by appellant. Officer Yovanno approached appellant and asked him for his driver's license. After speaking with appellant for a few moments, Officer Yovanno detected the odor of an alcoholic beverage coming from about his person. A subsequent breath alcohol test revealed appellant's breath alcohol content to be .229 and therefore in excess of the legal limit.
Appellant was charged with driving under the influence of alcohol in violation of R.C. 4511.19(A)(1), driving with a prohibited breath alcohol concentration in violation of R.C. 4511.19(A)(3) and failure to drive in marked lanes in violation of R.C. 4511.33(A). On December 3, 1999, appellant filed a motion to suppress the BAC test results and any observations or opinions of Officer Yovanno regarding appellant's sobriety and/or breath alcohol content on the ground that Officer Yovanno lacked a reasonable articulable suspicion to initiate a traffic stop of appellant.
The case proceeded to a hearing on the motion to suppress at which both Officer Yovanno and appellant testified. In addition, the state viewed the videotape from Officer Yovanno's patrol vehicle which recorded appellant's driving and Officer Yovanno's apprehension of appellant. Officer Yovanno testified that he witnessed appellant make a wide right hand turn onto Chappel Street from Division Street and that he then witnessed appellant veer off of the right side of the road three times before activating his overhead lights and pulling appellant over. The videotape confirms Officer Yovanno's version of the events, although it does not show the wide right hand turn because the recorder had not yet been activated. Officer Yovanno further testified that appellant's erratic manner of driving combined with the fact that it was almost 2:00 a.m., caused him to believe that appellant may be inebriated. Appellant testified that the road in question is eight feet wide with no marked lanes and a grassy berm on each side of the road. He also stated that on the night in question, he saw a car rapidly approaching him from behind and that looking in the rear view mirror caused him to run off of the side of the road.
Based on the evidence presented at the hearing, the trial court denied appellant's motion to suppress. Thereafter, appellant changed his former not guilty plea to a plea of no contest to the charge of driving while intoxicated in violation of R.C. 4511.19(A)(1) and the court found him guilty of that charge. It is from that conviction and the sentence entered thereon that appellant now appeals.
In his sole assignment of error, appellant challenges the trial court's ruling on his motion to suppress. Appellant contends that the trial court erred in denying his motion to suppress because Officer Yovanno did not articulate a reasonable suspicion sufficient to justify an investigatory stop.
In examining a trial court's ruling on a motion to suppress, a reviewing court must keep in mind that weighing the evidence and determining the credibility of witnesses are functions of the trier of fact. State v. DePew (1988), 38 Ohio St.3d 275, 277; State v. Fanning
(1982), 1 Ohio St.3d 19. Where there is substantial evidence to support the factual findings of the trial court, its ruling will not be disturbed absent an error of law. DePew, supra.
In order to justify an investigatory stop of an automobile, a police officer must demonstrate specific and articulable facts which, when considered with the rational inferences therefrom, would justify a reasonable suspicion that the individual to be stopped may be involved in criminal activity. See Terry v. Ohio (1968), 392 U.S. 1; State v. Bobo
(1988), 37 Ohio St.3d 177; State v. Freeman (1980), 64 Ohio St.2d 291. The Supreme Court of Ohio has determined that "[t]he propriety of an investigatory stop * * * must be viewed in light of the totality of the surrounding circumstances," Bobo, supra, paragraph one of the syllabus;Freeman, supra, paragraph one of the syllabus, and these circumstances are to be viewed through the eyes of a reasonable and prudent police officer on the scene who must react to events as they unfold. Freeman,supra, at 295.
In considering the question of a reasonable articulable suspicion to effectuate a traffic stop, this court has held that "`weaving, whether within or outside one's lane, is indicative of erratic driving which authorizes the police to stop a vehicle.'" State v. Purcell (Feb. 27, 1998), Erie App. No. E-97-056, unreported, quoting Village of Montpelierv. Lyon (May 1, 1987), Williams App. No. WMS-86-16, unreported. See, also, State v. Deichler (May 23, 1997), Erie App. No. E-96-091, unreported; State v. Lopez (Dec. 3, 1993), Lucas App. No. L-92-422, unreported.
Upon a review of the evidence presented at the hearing on the motion to suppress, we conclude that the trial court did not err in finding that Officer Yovanno had a reasonable articulable suspicion to conduct an investigatory stop of appellant. Officer Yovanno witnessed appellant make a wide right hand turn and saw him veer off of the road three times. These facts, coupled with the fact that it was almost 2:00 a.m., justified Officer Yovanno's belief that appellant may be intoxicated. Accordingly, the sole assignment of error is not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Erie County Court is affirmed. Court costs of this appeal are assessed to appellant.
Melvin L. Resnick, J., Richard W. Knepper, P.J., JUDGES CONCUR.
 ____________________________ PIETRYKOWSKI, J.